UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PEOPLE OF THE STATE OF MICHIGAN,

                  Plaintiff,                    Case No. 1:11-cv-402

v.                                       Honorable Paul L. Maloney

MILWAUKEE 3/8" CORDLESS DRILL et al.,

                  Defendants.
_____/

## OPINION

        This is a civil action filed by a state prisoner, Christopher Burnell Thompson.  In his original pleading,  Christopher Burnell Thompson purported to remove a state action.  The original pleading that named the People of the State of Michigan as the Plaintiff and named a variety of personal property and several individuals as the Defendants.  Christopher Burnell Thompson, the only person to sign the complaint, purported to be an interested party and a petitioner in the action. His father, Burnell James Thompson was listed as another interested party.

        On May 20, 2011, Christopher Burnell Thompson filed an amended complaint (docket #13).  The amended complaint was construed and docketed as a motion to amend the complaint, because Christopher Burnell Thompson initially had captioned his action as a petition for removal, and, in that posture, he had no authority to amend the complaint.

        The original action, however, was never properly considered a removal action because Christopher Burnell Thompson was not a party defendant to the state case.  *See* 28 U.S.C. § 1441(a) (permitting removal of state actions only by defendants).  Instead, the complaint was an

independent civil action on a variety of conflicting theories.  As a consequence, construing Plaintiff's complaint liberally, as it must, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court construed the pleading as an original civil action, not a removed action, and it granted Christopher Burnell Thompson leave to proceed *in forma pauperis* based on that understanding (docket #14). Because a plaintiff may file one amended complaint as a matter of right, *see* FED. R. CIV. P. 15(a), the motion to amend (docket #13) is granted.  The amended complaint shall hereafter be recognized as the controlling pleading in this action.

   In his amended complaint, Christopher Burnell Thompson and Burnell James Thompson are listed as Plaintiffs, and, together with the previously identified personal property, certain individuals are named as Defendants.  The amended complaint, like the original complaint, is signed only by Christopher Burnell Thompson.  The action purports to be brought under admiralty and maritime jurisdiction, 28 U.S.C. §§ 1333, 1337, and 2461, and under the removal provisions of 28 U.S.C. §§ 1441(d), 1443, and 1446.  Thompson also asserts jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332, and federal question, 28 U.S.C. § 1331.

   Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines*, 404 U.S. at 520, and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed because it is frivolous and fails to state a claim.

- 2 -

### Factual Allegations

Plaintiff Christopher Burnell Thompson names as Defendants in this action a variety of personal property and the following named parties:  Mecosta County; the Central Michigan Enforcement Team (CMET); Big Rapids Police Officer Eric Little; Mecosta County Jail Officer Richard Updick; Mecosta County Jail Officer Nicole Hahn; Defense Attorney Dennis Duvall, Jr.; and unknown security bonds and insurance companies.

The amended action filed by Christopher Burnell Thompson begins with convoluted assertions of jurisdiction, as follows (verbatim):

NOW COMES, Christopher Burnell Thompson, hereinafter 'Petitioner' and Secured Party Creditor to the above mentioned cause, making a 'restricted visitation' pursuant to Admiralty and Maritime Rule E(8), for the specific purpose to Remove State Court action to Federal Court within Admiralty, Article III to enforce rights in the federal Court that have been denied by the State Court and where Secured Party cannot enforce specific rights in State Court. . . .

**a.)     Jurisdiction founded on Diversity of Citizenship**

Plaintiff is the 'PEOPLE OF THE STATE OF MICHIGAN' an artificial person, an agency incorporated under the laws of the State of Michigan having its principal place of business in the State of Michigan with prosecutor office claiming to be real party in interest.  Defendant is items of property pursuant to an in rem action.  1st Interested Party is Burnell James Thompson claiming an interest in the Tahoe 50" Plasma T.V.. and is an U.S. citizen.  2nd Interested Party is a Third Party Interest Intervenor and Realator – Real Party in Interest – Secured Party Creditor Christopher Burnell Thompson with is also an American National and a living flesh in blood actual man.

**b.)     Jurisdiction founded on the Existence of a Federal Question.**

The Removal action arises under Title 28 U.S.C. §1441(d)(b), §1443, §1446; 15 Statutes at Large (chap 249, July 27, 1868, 40th Congress and the Foreign Sovereign Immunities Act (Public Law 94-583, 28 U.S.C. §1602 - 1611)). under the Constitution of the United States for the United States of America, Article 1, Section 1; Article 1, Section 10, 'THE IMPAIRMENT OF CONTRACT' and the D/C/ Codes; the 1st, 4th, 5th, 6th, 8th and 14th Amendment(s) to the Constitution of the United States for the United States of Amerca: as hereinafter more fully appears.

Whether Title 28 U.S.C §1351 extends to my father Burnell James Thompson for protection.

**c.)    Jurisdiction Founded on the Existence of a Question Arising Under Particular Statutes.**

The action arises under the Federal rules of Evidence Rule 302 and Michigan Compiled Law Statute 333.7521(c)(iv); and the Uniform Commercial Codes 9-101 et seq., as hereinafter more fully appears.

**d.)    Jurisdiction Founded on the Admiralty or Maritime Character of the Claim.**

This is a case of Admiralty and Maritime Jurisdiction, Title 28 U.S.C. §1333; Venue is proper for an in rem action involving a natural person a Secured Party Creditor being deprived of rights which were intentionally denied and cannot be enforced in the State Court.  28 U.S.C. §2461 and §2463.

(Am. Compl., docket #13, Page ID#93.)  With the exception of these jurisdictional allegations and statements regarding the nature of the complaint, the allegations of the complaint appear to fall into two general sets of facts:  one set involving Christopher Burnell Thompson, and the other set involving Burnell James Thompson.

In the first set of allegations, Plaintiff asserts that, on October 14, 2010, the apartment of his father, Burnell James Thompson, was illegally searched by CMET.  Burnell Thompson was arrested on an unrelated misdemeanor warrant.  During the search, CMET confiscated certain household goods that were being stored in the house for Plaintiff.  Plaintiff alleges that he has an interest in the property as a secured party creditor.  (*Id.*, Page ID##93-94, 101-02.)  Those goods were included in a Mecosta County forfeiture action for the property of Burnell Thompson, initiated because Burnell Thompson allegedly acquired the property through drug proceeds.  Plaintiff Christopher Burnell Thompson sought to intervene in the forfeiture action by filing a "'Petition in the Nature of a Motion to Dismiss 12(b)(6)' with a bona fide Security Interest," claiming that the

- 4 -

taking of the property violated MICH. COMP. LAWS § 333.7521(1)(d)(iv).[1]  (*Id.*, Page ID#94.)  A

telephone conference was held on the motion on April 4, 2011.  Judge Ronald Nichols apparently

became angered by Plaintiff's failure to answer a question and Plaintiff's participation in the

telephonic hearing was terminated.  Plaintiff alleges that Judge Nichols, by his conduct,

> intentionally denied Christopher Burnell Thompson of His right to His Creditor
> rights, impairing contract i.e., Security Agreement Exhibit B, depriving Christopher
> Burnell Thompson of His property without due process, deprivation to access to the
> court and right to redress of gr[ie]vance and the right to be heard, intentionally
> violating God given rights, creditor rights, and Constitutional rights in the State
> Court.

(*Id.*, Page ID#94.)

Plaintiff Christopher Burnell Thompson also alleges that the actions of the state court

in prosecuting him, sentencing him to an eight to fifty-year sentence, and converting his property

arose out of "racial discrimination against Christopher Burnell Thompson's religious beliefs, and

persecution for withdrawing from the trannical [sic] Union."  (*Id.*, Page ID#95; *see also* Page

ID#114)  On his own behalf, he raises both common-law and Michigan statutory claims of

conversion against CMET, Eric Little, Mecosta County and its agents.  Further, he contends that he

was denied due process and his creditor rights when Judge Nichols denied him the opportunity to

participate in the April 4, 2011 telephone hearing on the motion filed by his father, entitled "Petition

in the Nature of a Motion to Dismiss (12)(b)(6)."  (*Id.*, Page ID#116.)

Plaintiff Christopher Thompson alleges that he has an absolute right to remove the

forfeiture action to this Court under 28 U.S.C. §§ 1441, 1443, and 1446, the Foreign Sovereign

---

[1]Plaintiff actually cites MICH. COMP. LAWS § 333.7521(c)(iv).  That section, however, does not exist, and it is apparent from the nature of the claim that Plaintiff intended to refer to MICH. COMP. LAWS § 333.7521(1)(d)(iv)

Immunities Act,, the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments, his secured-party property interests, and Article 1, sections 1 and 10 of the United States Constitition.

The second set of allegations concerns the treatment of Plaintiff's father, Burnell James Thompson.  Plaintiff alleges that his father was arrested on October 14, 2010.  On October 15, 2010, Burnell Thompson was permitted to use an oxygen machine and nebulizer machine that were delivered to the jail and approved by the nurse.  Burnell Thompson was released on bond later that day.  On January 14, 2011, Burnell Thompson was again arrested and taken to the Mecosta County Jail.  The arresting officer agreed to transport the oxygen and nebulizer machines with Burnell Thompson.  The machines were taken into the booking room.  Burnell Thompson asked to see the nurse and requested to use his machines.  Sergeant Richard Updick refused to allow use of the machines or to contact the nurse.  Burnell Thompson, who has congestive heart failure, chronic obstructive pulmonary disease, and serious sleep apnea, was placed in a jail cell without his medical equipment and was denied the use of a blanket, though the other cell inmates had blankets.  When Burnell Thompson finally saw the nurse at 9:00 a.m. on January 15, 2011, he had very low blood pressure and low blood oxygen levels.  The nurse indicated that the officers were well aware that she had approved the use of the machines only two months previously and that they had acted improperly in denying the machines and failing to contact her after hours.  Plaintiff alleges that Burnell Thompson was so traumatized that his daughter was forced to borrow the money to bond him out that day.  Plaintiff alleges that the state court denied him the opportunity to address the issues involving his father's treatment, in violation of Plaintiff's right to due process, his right to protect his family, and in violation of Plaintiff's sovereign immunity.

Plaintiff Christopher Thompson asserts the following claims on behalf of Burnell Thompson: (1) Defendant CMET unlawfully converted Burnell Thompson's 50" plasma television; (2) Mecosta County committed statutory conversion of Burnell Thompson's property; (3) Defendant Duvall committed legal malpractice and rendered ineffective assistance of counsel in representing Burnell Thompson; (4) Defendant Little conducted an unreasonable search and seizure of Burnell Thompson; (5) Defendants Hahn and Updick retaliated against Burnell Thompson for being unable to remove a ring from his finger; Defendants Hahn and Updick violated the Eighth Amendment when they placed Burnell Thompson in brutal cell conditions and denied him necessary medical services; Defendant Little and the other CMET officers breached their duty to protect Burnell Thompson's property by refusing to lock the apartment when they arrested him, permitting the apartment to be ransacked by other tenants.

For relief, Plaintiff Christopher Burnell Thompson seeks compensatory and punitive damages.

## Discussion

### I.    Frivolous claims

Plaintiff's complaint purports to be brought under admiralty law, diversity of citizenship, the right of removal, the Foreign Sovereign Immunities Act, Federal Rule of Evidence 302, the Uniform Commercial Code, and other state law.  An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990).  Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational

basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. Plaintiff's assertions of jurisdiction under admiralty law, diversity of citizenship, the right of removal, the Foreign Sovereign Immunities Act, Federal Rule of Evidence 302, and the Uniform Commercial Code are all wholly frivolous.

### A.     Admiralty

Plaintiff asserts that this Court has jurisdiction over his complaint under its admiralty and maritime jurisdiction conferred by 28 U.S.C. §§ 1333, 1337, and 2461. The Court cannot discern any possible claim over which this Court could exercise its admiralty or maritime jurisdiction. The subject matter of the complaint is wholly unrelated to admiralty or maritime law. Thus, to the extent that Plaintiff asserts jurisdiction under admiralty, the complaint will be dismissed as legally frivolous. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199.

### B.     Diversity of Citizenship

Plaintiff next asserts that the Court has jurisdiction to hear his state-law claims under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $75,000.00 and the case is between citizens of different states or between citizens of a state and foreign nationals or sovereigns. Here, Plaintiff alleges that he is an "American National" who resides in the Western District of Michigan, that each of the named Defendants are citizens who reside in the Western District of Michigan, and that the property is present in Michigan. (Am. Compl., Page ID#93.) In a convoluted and legally frivolous series of propositions, Plaintiff asserts that he is a citizen of the Republic of Michigan, where he admittedly was born, though he declares that he is not a citizen of the United States. Plaintiff has signed a "Declaration of Allegiance to the Michigan Republic," in which he states that he is not a party to

the United States Constitution and that his United States citizenship would conflict with his allegiance to the Republic of Michigan  (Compl., Page ID#27; Pl. Mot., docket #17, Page ID#169.)  It therefore appears that Plaintiff intends to assert diversity of citizenship based on the notion that he is a foreign national who is suing United States citizens who are residents of the State of Michigan.

Notwithstanding Plaintiff's self-styled Declaration of Allegiance to the Michigan Republic and his assertion that he is not subject to the United States Constitution, Plaintiff became a United States citizen by operation of law at the time of his birth.  *See* U.S. CONST. amend. 14, sec. 1, cl. 1 ("All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside.").  Plaintiff's claim to be a foreign national or sovereign therefore is both legally and factually frivolous.  As a consequence, because Plaintiff is a United States citizen and a Michigan resident, as are all Defendants, the Court lacks diversity jurisdiction to consider Plaintiff's state-law claims.

### C.    Removal

Plaintiff's claim for removal also is frivolous.  Plaintiff claims that he is entitled to remove the state forfeiture proceeding under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. § 1602 et seq., and the federal removal statute, 28 U.S.C. § 1441 et seq.  The federal removal statute allows a defendant to remove a civil action from state court to federal court in circumstances where those courts have original jurisdiction over the action.   28 U.S.C. § 1441(a).  In the instant case, Christopher Thompson was not a defendant in the state-court action; instead, he describes himself as an interested party in the *in rem* forfeiture proceeding.

Plaintiff's reliance on the FSIA is equally misplaced.  The FSIA provides for certain immunities from jurisdiction for "foreign states," *see* 28 U.S.C. § 1604, but the Act does not apply to Plaintiff because he is not a foreign state within the meaning of that Act.  Foreign states are defined in the Act as "a political subdivision of a foreign state *or* an agency or instrumentality of a foreign state[.]" 28 U.S.C. § 1603(a) (emphasis added).  An agency or instrumentality of a foreign state is further defined as "any entity–"

> (1) which is a separate legal person, corporate or otherwise, and
>
> (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
>
> (3) which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).  Plaintiff is not a foreign state, and nothing in his complaint suggests that he is an "agency or instrumentality" of a foreign state.  *See* 28 U.S.C. § 1603(b).  Plaintiff's claim of allegiance to a fictitious entity, the "Republic of Michigan," does not render him a foreign state, or an agency or instrumentality thereof, under the FSIA.  Therefore, Plaintiff's contention that he was entitled to remove the forfeiture action from state court is without merit.

### D.        Questions "Arising Under Particular Statutes"

Plaintiff asserts that the Court has jurisdiction over his claims by way of Federal Rule of Evidence 302, MICH. COMP. LAWS § 333.7521(c)(iv), and the Uniform Commercial Code, adopted in Michigan at MICH. COMP. LAWS §§ 440.1101- 440.11102.  Again, Plaintiff's assertions are frivolous.  The Federal Rules of Evidence do not confer jurisdiction or otherwise create an independent action for recovery.  *See* 28 U.S.C. § 2072(b) (declaring that the Federal Rules of

Evidence "shall not abridge, enlarge or modify any substantive right"); *see also Pikulin v. United States*, 97 Fed. Cl. 71, 76-77 (Fed. Cl. 2011). Instead, they merely govern the admissibility and weight of evidence introduced in the federal courts. Moreover, state law cannot itself confer jurisdiction on the federal courts. The Court has jurisdiction to hear state-law claims only in actions brought pursuant to its diversity jurisdiction, which is inapplicable here, or by way of supplemental jurisdiction under 28 U.S.C. § 1367, which is exercised only over matters closely related to a claim over which the Court has original jurisdiction. State law creates no freestanding federal cause of action.

## II.   Failure to state a claim

Plaintiff's sole remaining basis for jurisdiction lies under 28 U.S.C. § 1331, which confers "original jurisdiction over the Constitution, laws, or treaties of the United States." *Id.* To the extent that Plaintiff claims that Defendants violated his constitutional rights, Plaintiff's action is properly characterized as one brought under the Court's federal-question jurisdiction, 28 U.S.C. § 1331, through an action brought pursuant to 42 U.S.C. § 1983. Plaintiff's various allegations, however, fail to state a claim.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains

"enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

## A.    Asserting the Rights of Others

The majority of Plaintiff's complaint addresses claims about alleged violations of Burnell James Thompson's constitutional rights.  Burnell James Thompson, however, did not sign either the original complaint or the amended complaint.  Instead, both complaints and all motions

and supporting documents have been filed and signed only by Christopher Burnell Thompson.

Christopher Burnell Thompson lacks standing to assert the constitutional rights of another person.

*Newsom v Norris*, 888 F.2d 371, 381 (6th Cir. 1989).  Federal law specifies that cases in the courts

of the United States may be conducted only by the parties personally or through counsel.  28 U.S.C.

§ 1654.  That statute provides that, "in all courts of the United States, the parties may plead and

conduct *their own cases* personally or by counsel, as, by the rules of such courts, respectively, are

permitted to manage and conduct causes therein."  28 U.S.C. § 1654 (emphasis added).  The statute

clearly makes no provision for a *pro se* party to represent others.  The federal courts long have held

that section 1654 preserves a party's right to proceed *pro se*, but only with respect to his own claims.

Only a licensed attorney may represent other persons.  *See Rowland v. Calif. Men's Colony, Unit*

*II Men's Advisory Council*, 506 U.S. 194, 201-03 (1993); *United States v. 9.19 Acres of Land*, 416

F.2d 1244, 1245 (6th Cir. 1969).  Relying on this statute, the Sixth Circuit has squarely held that a

*pro se* party may not prosecute a representative wrongful death action brought under section 1983,

where the beneficiaries thereof included persons other than himself.  *Shepherd v. Wellman*, 313 F.3d

963, 970 (6th Cir. 2003) (citing *Pridgen v. Andresen*, 113 F.3d 391, 393 (2d Cir. 1997)).  As a

layman, Plaintiff may only represent himself with respect to his individual claims, and may not act

on behalf of his father.  As a consequence, all of the claims involving the arrest and treatment of

Burnell James Thompson will be dismissed because Plaintiff Christopher Burnell Thompson lacks

standing to prosecute the claims.

**B.    Discrimination in Prosecution and Sentence**

Plaintiff Christopher Thompson alleges that Mecosta County subjected him to

unlawful discrimination based on his religious and political beliefs when it prosecuted him for third-

degree fleeing and eluding a police officer, MICH. COMP. LAWS § 257.602a(3)(a), and third-offense

drunk driving, MICH. COMP. LAWS § 257.6256d, and then sentenced him as a fourth felony offender,

MICH. COMP. LAWS § 769.12, to a prison term of 8 to 50 years.  Plaintiff's claim is not cognizable

in this proceeding.

   A challenge to the fact or duration of confinement should be brought as a petition for

habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a

person in custody upon the legality of that custody and the traditional function of the writ is to

secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges

the fact or duration of his incarceration, it must be dismissed.  *See Barnes v. Lewis*, No. 93-5698,

1993 WL 515483, at *1 (6th Cir. Dec. 10, 1993) (dismissal is appropriate where § 1983 action seeks

equitable relief and challenges fact or duration of confinement); *see also Moore v. Pemberton*, 110

F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas

relief include (1) potential application of  *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing

defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5)

potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

   Further, to the extent Plaintiff seeks injunctive, declaratory and monetary relief for

alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477,

486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional

conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render

a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has

been [overturned]."  *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original).  In

*Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations, which state that Mecosta County discriminated against Plaintiff in his prosecution and sentence, clearly call into question the validity of his conviction and sentence. Therefore, his discrimination claim for damages is barred under *Heck* unless and until his criminal conviction has been invalidated.

### C.   Due Process

Plaintiff alleges that he was deprived of due process when his property was seized and forfeited under state law. He also contends that Judge Ronald Nichols denied Plaintiff due process and access to the courts when he treated Plaintiff rudely and terminated Plaintiff's participation in the hearing on the motion to dismiss the state-court forfeiture proceeding.

Plaintiff's claim fails for a number of reasons. First, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford

an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property, as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized negligent acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due process claim. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not and cannot sustain his burden in this case. Michigan forfeiture law provides owners of property with notice of seizure and an opportunity to be heard. *See* MICH. COMP. LAWS § 333.7523(1)(a). Upon receiving notice, any person claiming interest in the property has the opportunity to file a claim in response. *See* MICH. COMP. LAWS § 333.7523(1)(c). Upon receipt of such a claim, the prosecutor for the local governmental unit that seized the property is required to file a forfeiture action in the state circuit court to prove legal entitlement to the property. *Id.* A forfeiture action apparently was filed by the Mecosta County prosecutor.

Such post-deprivation remedies repeatedly have been recognized as adequate. The Michigan courts have held that the availability of notice and a hearing under MICH. COMP. LAWS § 333.2523 affords an adequate remedy satisfying due process. *See In re Forfeiture of $109,901*, 533 N.W.2d 328, 331 (Mich. Ct. App. 1995); *Derrick v. City of Detroit*, 245 N.W.2d 154, 155 (Mich. Ct. App. 1988). In addition, the United States Supreme Court has upheld the propriety of similar in rem forfeiture proceedings. *See, e.g., Bennis v. Michigan*, 516 U.S. 442, 452–52 (1996)

- 16 -

(holding that Michigan procedures permitting forfeiture of property without allowance for an "innocent-owner" defense did not violate due process) (addressing MICH. COMP. LAWS § 600.3825); *United States v. Von Neumann*, 474 U.S. 242, 244 n.3 (1986) (recognizing that due process is satisfied where the administrative forfeiture process provides the owner the opportunity to trigger the government's initiation of forfeiture proceedings; *see also Ross v. Duggan*, 402 F.3d 575, 483 (6th Cir. 2004) (holding that MICH. COMP. LAWS § 600.3825 provides adequate post-seizure notice and an opportunity to be heard).

It is not clear whether Plaintiff actually complied with all of the state forfeiture procedures.[2]  Nevertheless, Plaintiff does not allege any reason why the state forfeiture procedures, as written, could not have afforded him complete relief for the deprivation, either negligent or intentional, of his personal property.  While he may be dissatisfied with the outcome of the state proceeding, the Due Process Clause does not guarantee that the state procedures will produce a correct decision.  "It must be remembered that even if a state decision does deprive an individual of life, [liberty], or property, and even if that decision is erroneous, it does not necessarily follow that the decision violated that individual's right to due process."  *Martinez v. California*, 444 U.S. 277, 284, n.9 (1980).  "[T]he deprivation by state action of a constitutionally protected interest in "life, liberty or property" is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*."  *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (emphasis in original).

---

[2]Plaintiff initially alleged that he filed a "Petition in the Nature of a Motion to Dismiss 12(b)(6)," apparently in a pending forfeiture proceeding.  (*See* Am. Compl., docket #13, Page ID#94.)  However, he  subsequently indicates that, while he paid the filing fee and drafted the motion, he had his father file it.  (*See id.*, Page ID#116.)  Given the unorthodox manner in which Plaintiff chose to proceed in the instant action, it is not entirely clear whether Plaintiff actually filed a claim in his own behalf or whether he was a recognized interested party in the subsequent forfeiture action.

Because Michigan provides ample post-deprivation remedies, Plaintiff fails to state a due process claim based on the alleged taking of his personal property.

Second, Plaintiff's claim about Judge Nichols' conduct fails for another reason. Plaintiff has not named Judge Nichols as a Defendant in this action. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, Plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, or where specific conduct is alleged but no named defendant is alleged to be involved in that conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), he fails to state a claim for relief based on the alleged denial of a hearing.

- 18 -

Moreover, even if Plaintiff had named Judge Nichols, his action would be dismissed on grounds of immunity. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that, in holding a hearing in a state forfeiture action, Judge Nichols was engaging in a judicial act and was acting within his jurisdiction in doing so. Accordingly, Judge Nichols is absolutely immune from liability for damages. Since the sole relief Plaintiff seeks is damages, even had Plaintiff adequately alleged a claim against Judge Nichols, his claim would have been dismissed on grounds of immunity. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

### D.      State-Law Claims

Plaintiff raises a state common-law conversion claim, a state statutory conversion claim, and a claim under Michigan's Uniform Commercial Code. To the extent that Plaintiff seeks to enforce state law, his claim will be dismissed. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27

F.3d 1162, 1166 (6th Cir. 1994).  Moreover, the Sixth Circuit routinely has held that, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and all federal claims are dismissed prior to trial, the state-law claims should be dismissed without reaching their merits.  *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993); *Faughender v. City of N. Olmsted*, 927 F.2d 909, 917 (6th Cir. 1991).  Plaintiff's state-law claim therefore will be dismissed without prejudice.

### F.    Pending Motions

Also pending before the Court are a variety of motions filed by Plaintiff Christopher Burnell Thompson:  (1) "Petition in the Nature of a MOTION TO DISMISS (12b) AND DEMAND FOR RETURN OF PROPERTY" (docket #3); (2) "Petition in the Nature of a Request For Ruling on State Filed Motion to Dismiss (12)(b)(6)" (docket #9); (3) "Petition in the Nature of a Demand for Nature of Cause" (docket #10); and (4) a "Demand to Transfer to Cure Want of Jurisdiction Notice of Counter Claim" (docket #17).  In light of the Court's disposition of Plaintiff's amended complaint, his pending motions (docket ##3, 9, 10, and 17) are denied as moot.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed because it is frivolous and fails to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should Plaintiff appeal this decision, the Court will assess the

- 20 -

$455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless

Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).

If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   July 29, 2011                    /s/ Paul L. Maloney
                                         Paul L. Maloney
                                         Chief United States District Judge